UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES WOLFRAM, on behalf of himself and all other similarly situated employees nationwide, and on behalf of the Ohio Rule 23 Class, | : : : : | Case No. 1:12-cv-599<br><br>Judge Timothy S. Black |
| Plaintiff, | : | |
| vs. | : : | |
| PHH CORPORATION, *et al.*, | : : | |
| Defendants. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION (Doc. 31)**

This civil action is pending before the Court on Plaintiff's motion for conditional certification (Doc. 31) and the parties' responsive memoranda (Docs. 36, 38).

## I. BACKGROUND FACTS

Plaintiff moves for conditional certification and judicial notice pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). Plaintiff requests that the Court conditionally certify the following group of employees:

> All persons who worked as loan officers for Defendants at any time within three years of the date the Court rules on this motion, excluding persons who worked as loan officers for Defendants in the State of California prior to February 2, 2010, and who signed a settlement and release form in connection with the Frank v. PHH Corp. et al. litigation.

Plaintiff James Wolfram is joined by 18 opt-in Plaintiffs, all of whom were employed as loan officers within the past three years by Defendants PHH Corporation, PHH Mortgage Corporation, and PHH Home Loans, LLC (collectively, "Defendants").

These former employees were denied overtime compensation as a result of Defendants' decision to uniformly classify them as exempt from the overtime pay requirements of the FLSA. Plaintiff moves this Court to conditionally certify this case as a collective action and authorize him to send judicial notice of this action to the putative collective class.

Defendants agree that conditional certification and judicial notice are appropriate in this case; however, they argue that the scope of the notice should be limited to loan officers from PHH Home Loans and should therefore exclude loan officers from PHH Mortgage and the three independent subsidiaries, Axiom Financial, LLC; NE Moves Mortgage, LLC; and RMR Financial LLC.

Plaintiff concedes that judicial notice should not be issued to employees from Axiom, NE Moves, or RMR Financial at this time, as no loan officers from those companies have opted into this lawsuit and Plaintiff has not submitted evidence that he is similarly situated to employees from those companies. However, Plaintiff argues that PHH Mortgage has opted into this lawsuit and there is evidence that Plaintiff is similarly situated to loan officers from that company.

## II. REQUIREMENTS FOR CONDITIONAL CERTIFICATION

"An action to recover the liability. . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for or on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in

which such action is brought." 29 U.S.C. § 216(b). Accordingly, "[s]ection 216(b) establishes two requirements for a representative action: 1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The United States Supreme Court has held that under 29 U.S.C. § 216(b), a district court may "facilitat[e] notice to potential plaintiffs." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The decision whether to conditionally certify a class, and therefore facilitate notice, is within the discretion of the trial court. *Id.*

There is a two-step procedure for determining whether an FLSA case should proceed as a collective action. *In re HCR ManorCare, Inc.*, No. 11-3866, 2011 U.S. App. LEXIS 26241, at *1 (6th Cir. Sept. 28, 2011). "First, in what is referred to as the initial notice stage, the Court must determine whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio Aug. 31, 2011). "At the second stage of the proceedings, the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiff's claims." *Id.* During this stage, the Court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility. *Id.*

### III. ANALYSIS

#### A. Similarly Situated

At the first stage, "Plaintiffs must only make a modest showing that they are similarly situated to the proposed class of employees." *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011). This standard is "fairly lenient . . . [and] typically results in conditional certification." *Id.* at 868. At the initial notice stage, a plaintiff "need only show that [his] position [is] similar, not identical, to the positions held by the putative class members." *Id.* at 867. Furthermore, "[t]he Court should consider whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists." *Id.* at 868. The Sixth Circuit has provided that one example of an appropriate FLSA collective action is where the potential plaintiffs are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009). Nevertheless, "[s]howing a 'unified policy' of violations is not required." *Id.* at 584.

Defendants contend that Plaintiff has not provided any evidence that he is similarly

situated to PHH Mortgage loan officers.[1]  However, Loan officers from both companies: (1) were employed in the same job title and position; (2) had the primary duty of selling Defendants' mortgage loan products; (3) were classified as exempt employees, presumably under the FLSA's outside sales exemption; (4) were subject to the same commission-based compensation method; and (5) all routinely worked over forty hours per week without receiving overtime pay.[2]

In addition to Plaintiff, twenty-two other loan officers opted into the lawsuit, at least three of whom worked for PHH Mortgage, and all of whom signed written consent forms affirming that they worked for Defendants as loan officers, worked over forty hours per week, and did not receive overtime compensation.  (Doc. 31, Ex. 1 at ¶ 4).  Additionally, Plaintiff's motion is supported by his own declaration and declarations from seven opt-in Plaintiffs.  Two of these declarations are from former PHH Mortgage loan officers, Kristin Corbin and PJ Rath.  (Doc. 31, Ex. 1 at ¶ 5; Exs. 2, 6).  *See, e.g., Heibel v.*

---

[1]  In support of their argument, Defendants rely on *Myles v. Prosperity Mortgage Co.*, No. 11-1234, 2012 U.S. Dist. LEXIS 75371 (D. Md. May 31, 2012).  However, that case is distinguishable for several reasons – most notably, the plaintiff moved to certify a class of employees consisting of loan officers who worked from inside Long & Foster offices, as well as "independent" and "reverse mortgage" loan officers who worked from home.  *Id.* at 4.  The court granted conditional certification as to the Long & Foster loan officers, but denied it as to the independent and reverse mortgage loan officers, in large part because the independent and reverse mortgage loan officers were not similarly situated because they worked from home and "more clearly" met the FLSA's outside sales exemption than did the Long & Foster loan officers.  *Id.* at 2, 7-8.  Unlike the independent and reverse mortgage loan officers in *Myles*, PHH Mortgage loan officers do not work from home, and rather perform the same work as PHH Home Loans loan officers.

[2]  This Court recently granted conditional certification in a similar case involving loan officers.  *See Swigart v. Fifth Third Bank*, 279 F.R.D. 210, 213 (S.D. Ohio 2011).

*U.S. Bank*, No. 2:11cv593, 2012 U.S. Dist. LEXIS 139510, at *5-6 (S.D. Ohio Sept. 27, 2012) (plaintiffs "satisfied their lenient evidentiary burden" where they submitted declarations indicating that loan officers in branches across four other states performed the same basic job duties, frequently worked over forty hours per week, were not paid overtime, and were paid under the defendant's commission-based compensation plan).

Plaintiff has satisfied his lenient burden at this stage of the litigation and thus the Court finds that PHH Mortgage loan officers are similarly situated to Plaintiff. After discovery has been completed, Defendants may move to decertify the collective class if appropriate. *Dunlop v. Carriage Carpet Co.*, 548 F.3d 139, 143 (6th Cir. 1977).

**B.     Form and Distribution Plan**

Courts may facilitate notice to putative collective class members so long as the court avoids communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits. *Hoffman-La Roche Inc.*, 493 U.S. at 168-169. The Court finds that judicial notice is appropriate in this case because: (1) timely notification is necessary to preserve the claims of potential plaintiffs whose statutes of limitation continue to run until they file written consent with the Court;[3] and (2) judicial notice promotes judicial economy and conserves the parties' resources by helping to avoid duplicative lawsuits. *Id*. at 169-170 (the district court retains the discretion to determine

---

[3] Unlike Rule 23 class actions in which the statute of limitations is tolled for all potential class members when the complaint is filed, the statute of limitations in an FLSA collective action is not tolled when the action is filed or even once conditional certification is granted. 29 U.S.C. § 216(b).

whether a particular case is appropriate for judicial notice).

Plaintiff requests that the Court order Defendants to provide him with a list of all putative class members and their last-known contact information. *See, e.g., Swigart*, 276 F.R.D. at 215 (compelling defendant to produce list of putative class members). Specifically, Plaintiff requests that the Court order Defendants to produce within ten days, in Microsoft Excel, all individuals employed by Defendants as loan officers at any time within three years of the date the Court issues an order including: employee's full name, last known address and telephone number, last known personal email address, employee identification number, social security number (last four digits only), and dates of employment.

Defendants request that the Court limit the information to: (1) names; (2) last known addresses; and (3) dates of employment. Defendants further request that the Court set strict parameters to clearly define the manner in which this personnel data may be used. Specifically, Defendants maintain that the Court should restrict Plaintiff's use of the data for the sole purpose of sending notice of this litigation only.

### 1. *Telephone numbers, social security numbers, employee identification numbers, email addresses*

Judicial notice must be "timely, accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 172 (courts have "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way."). In addition to mailing the judicial notice, Plaintiff requests that the Court permit it to

distribute the notice via email, attached as a pdf file, to putative collective class members who are former employees.[4] Plaintiff claims that email notice is appropriate because: (1) time is of the essence for potential plaintiffs due to the statute of limitations; (2) mailing addresses for former employees are less likely to be accurate.

Courts generally approve only a single method for notification unless there is a reason to believe that method is ineffective. *See, e.g., Shajanv v. Barolo*, No. 10cv1385, 2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. June 2, 2010) (rejecting alternative modes of distribution where first class mail would reach all potential plaintiffs). This Court has, for example, permitted the disclosure of private email addresses in order to ensure that former employees receive at least one copy of the notice. *Swigart*, 276 F.R.D. at 215. Accordingly, the Court finds that the disclosure of the email addresses of former employees is appropriate in this case. Permitting transmission by mail and by email to former employees both appropriately safeguards the privacy of individuals not currently a party to the case and helps ensure that all potential plaintiffs receive notice of their right to join this lawsuit.

With respect to social security numbers and telephone numbers, Plaintiff has made no showing that the last known address and/or email address will be insufficient to provide reasonable notice to the class, and, therefore, his request for telephone numbers and social

---

[4] Plaintiff claims that attaching the notice to the email as a pdf file, rather than typed in the body of the email, reduces the concerns that the form or content of the notice could be easily altered and forwarded to other people. *Lewis v. Huntington Nat'l Bank*, No. C-2-11cv58, 2011 U.S. Dist. LEXIS 65068, at *2 (S.D. Ohio June 20, 2011).

security numbers are denied. *Swigart*, 276 F.R.D. at 215 (granting plaintiff's request for judicial notice, concluding that "[t]he Court will not, however, order Fifth Third Bank to produce to Plaintiffs any personal information about putative collective class members other than their names, last known addresses, dates of employment, and for those MLOs no longer employed by Fifth Third, the last known email address.").

Finally, Plaintiff requests employee identification numbers so that he can match each new opt-in Plaintiff with Defendants' payroll and employment records to ensure that he or she is properly a member of the class. The Court finds this to be a proper use of employee information and does not find that releasing employee identification numbers will breach any privacy concerns.

### 2. *Notice period and reminder notices*

Next, Plaintiff asks the Court for a 90-day notice period for the putative class members to join the case. Additionally, Plaintiff requests that he be authorized to re-send the notice on or about day sixty of the notice period to any putative class member who has not responded to the notice.

This Court has previously approved 90-day notice periods and finds such period appropriate in this case. *See, e.g., Musarra v. Digital Dish, Inc.*, No. C2-05-545, 2008 U.S. Dist. LEXIS 110003, at *7 (S.D. Ohio Mar. 24, 2008) (granting 90-day notice period). However, Plaintiff fails to cite any case law from this district where courts have approved issuing reminder notices. Many courts have rejected reminder notices,

recognizing the narrow line that divides advising potential opt-in plaintiffs of the existence of the lawsuit - and encouraging participation. *See, e.g., Foster v. Nationwide Mut. Ins. Co.*, No. C2-08-20, Doc. 20 (S.D. Ohio 2008) (denying Plaintiffs' request to send reminder correspondence).

### VI. CONCLUSION

Accordingly, for the reasons stated here, Plaintiff's motion for conditional certification (Doc. 31) is **GRANTED IN PART** and **DENIED IN PART**.

Specifically, the Court conditionally certifies the following group of employees:

All persons who worked as loan officers for PHH Home Loans and PHH Mortgage Corporation at any time within three years of December 21, 2012, excluding persons who worked as loan officers for PHH Home Loans and PHH Mortgage in the State of California prior to February 2, 2010, and who signed a settlement and release form in connection with the Frank v. PHH Corp. et al. litigation.

Additionally, Defendants PHH Home Loans and PHH Mortgage Corporation shall produce within ten days of the date of this Order, a list in Microsoft Excel of all individuals employed as loan officers at any time within three years of the date of this Order, including:

(1) employee's full name
(2) employee's last known address
(3) employee's last known email address (if no longer employed by Defendants)
(4) employee's identification number
(5) dates of employment for each employee

All employee information shall be used solely for the purpose of sending notice in this litigation.

**IT IS SO ORDERED.**

Date:   12/21/12                                              *s/ Timothy S. Black*
                                                                                       Timothy S. Black
                                                                                       United States District Judge