# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES WOLFRAM, on behalf of himself and all other similarly situated employees nationwide, and on behalf of the Ohio Rule 23 Class,<br><br>Plaintiffs,<br><br>v.<br><br>PHH Corporation, PHH Mortgage Corporation, and PHH Home Loans, LLC,<br><br>Defendants. | Case No. 1:12CV599<br><br>Judge Timothy S. Black |

## JOINT CONFIDENTIALITY AGREEMENT AND ORDER

The parties to this action, Defendants PHH Corporation, PHH Mortgage Corporation, and PHH Home Loans, LLC (collectively "Defendants") and Plaintiffs James Wolfram and the FLSA Collective and Rule 23 Classes (collectively "Plaintiffs"), by their respective counsel, hereby stipulate and agree, and the Court hereby enters the following order:

1. Plaintiffs and Defendants may designate as "CONFIDENTIAL" any document, testimony, information or material disclosed through formal or informal discovery or otherwise in the course of this litigation as set forth in Paragraphs 2, 3, 4 and 5. For the purpose of this Joint Confidentiality Agreement and Order ("Order"), matters deemed "CONFIDENTIAL" shall include trade secret or other confidential research, development, medical records, financial, personal or commercial information that falls within the scope of Fed. R. Civ. P. 26(c).

2. A "CONFIDENTIAL" designation shall subject the document, testimony, information or material produced under said designation to the provisions of this Order.

3. Any document, information or material produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by Plaintiffs or Defendants by stamping the word "CONFIDENTIAL" on the first page of the material, and on each page that the party claims to contain confidential information.

4. Material produced in a data-storage medium (such as a flash drive) may be designated as "CONFIDENTIAL" by marking the medium with the word "CONFIDENTIAL" or otherwise notifying the receiving party, in writing, of the "CONFIDENTIAL" designation. If any person or entity who receives such a designated data-storage medium transfers the data to another medium, or prints any of the material contained on the "CONFIDENTIAL" data-storage medium, any resulting document or other medium shall be marked "CONFIDENTIAL" by that person or entity.

5. Plaintiffs or Defendants may designate as "CONFIDENTIAL" specific discovery responses by labeling the specific response "CONFIDENTIAL."

6. Portions or the entirety of a deposition transcript (including exhibits) are to be designated "CONFIDENTIAL" (a) by making a statement to that effect on the record, during the deposition, or (b) by sending to all other parties and the court reporter for the deposition, within ten (10) days after receiving the deposition transcript, written notice designating certain portions of, or the entirety, of the transcript as "CONFIDENTIAL." The notice shall cite this Order and identify the pages and lines, and/or exhibits, to be designated as "CONFIDENTIAL." Each copy of the transcript, and portions thereof, so designated shall be marked "CONFIDENTIAL" by the person receiving the notice.

2

7. If a deposition or portion thereof is designated on the record, during the deposition, as "CONFIDENTIAL," the deposition shall continue in the absence of all persons to whom access to the material is not permitted under this Order. Copies of the "CONFIDENTIAL" portion of the transcript may be provided only to persons permitted by the other provisions of this Order to receive such material.

8. Whenever any document, testimony, information or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked, and filed with the Court in compliance with Local Rule 79.3. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court.

9. Pursuant to Local Rule 79.1, any document, testimony, information or material designated as "CONFIDENTIAL" used at trial or in post-trial proceedings shall not be withdrawn from the Court's files, unless a separate court order is obtained upon noticed motion and sufficient cause shown.

10. Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of a court of competent jurisdiction, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. No person to whom "CONFIDENTIAL" material is disclosed under this Order shall directly or indirectly cause or authorize it to be used for any other purpose whatsoever, including but limited to preparing for and/or prosecuting any other case, claim, cause of action or grievance against a party to this litigation.

3

11. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

(a) Counsel for the respective parties, including in-house counsel and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

(b) Actual or potential experts or consultants (including employees or clerical assistants of said experts or consultants) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

(c) Parties or officers or employees of the respective parties who have a reasonable litigation-related need to review such documents, testimony, information or material;

(d) The Court and its staff;

(e) Persons shown on the face of the document to have authored or received it;

(f) Court reporters retained to transcribe testimony; and

(g) Outside Vendors.

12. "Outside Vendors" as used in Paragraph 11(g) means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Counsel.

13. "CONFIDENTIAL" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in Paragraph 11(b)) unless and until such person executes the Agreement attached hereto as Exhibit A. Executed Agreements shall be retained by the Counsel of the party who obtained the expert or consultant, and shall be subject to an *in camera* review by the Court if good cause for review is demonstrated by the opposing party.

4

14. No party shall make more copies of any "CONFIDENTIAL" documents, testimony, information or material than are reasonably necessary to conduct this litigation.

15. Except as otherwise provided for in this Order, all "CONFIDENTIAL" documents, testimony, information or material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

16. Third parties producing documents in the course of this litigation may also designate documents as "Confidential" subject to the same protections and constraints as the parties to this litigation. All documents produced by such third parties shall be treated as "Confidential" for a period of 10 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of this Order.

17. If Plaintiffs or Defendants object to the designation of any document, testimony, information or material as "CONFIDENTIAL," that party may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. The burden shall remain with the party seeking confidentiality to justify such designation under the standard set forth in Fed. R. Civ. P. 26(c).

18. Should any party hereto seek to utilize any "CONFIDENTIAL" document, testimony, information or material at trial or a hearing in this matter, she, he or it shall meet with counsel for the opposing party in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

19. Upon termination of this litigation, including appeals, all originals and copies of "CONFIDENTIAL" documents, testimony, information or material (and all summaries thereof) shall be destroyed or returned to counsel for the producing party except that nothing in this Order

shall require the destruction or return of material containing or reflecting any attorney work product, if such work product is maintained by counsel in strict confidence. Counsel may also maintain copies of any "CONFIDENTIAL" information deemed appropriate for the preservation of counsel's files. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect, unless the designating party agrees otherwise or a court order otherwise directs.

20. The parties shall have fourteen (14) days from the date on which this Joint Confidentiality Agreement and Order is fully executed by the parties to designate as "CONFIDENTIAL" any document, testimony, information or material that has already been disclosed through formal or informal discovery or otherwise during the course of this litigation. Such designation shall subject the information produced or provided under said designation to the provisions of this Order.

21. This Order may be modified or amended by agreement of the parties or by further order of the Court for good cause shown.

18. It is the understanding of the parties that this Order is not intended to unduly restrict the use and admissibility of evidence presentable in court under the Federal Rules of Evidence, but rather is intended to insure that all reasonable and diligent efforts will be made to preserve the confidentiality of designated documents, testimony, information, and material.

**IT IS SO ORDERED.**

Dated this 27TH day of SEPTEMBER, 2013.

BY THE COURT:

_Timothy S. Black_
**JUDGE TIMOTHY S. BLACK**

6

**APPROVED BY:**

NICHOLS KASTER, PLLP

*s/ Reena I. Desai*
Paul J. Lukas, MN Bar No. 22084X*
Matthew H. Morgan, MN Bar No. 0304657*
Andrew G. Chase, MN Bar No. 0391935*
Reena I. Desai, MN Bar No. 0388311*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
lukas@nka.com
morgan@nka.com
achase@nka.com
rdesai@nka.com

*Admitted pro hac vice


MEIZLISH & GRAYSON, INC.

Bruce H. Meizlish, OH Bar No. 0033361
Deborah R. Grayson, OH Bar No. 0062777
Second National Building
830 Main Street, Suite 999
Cincinnati, OH 45202
Telephone: (513) 345-4700
Fax: (513) 345-4703
brucelaw@meizgray.com
deborahg@meizgray.com

ATTORNEYS FOR PLAINTIFF AND THE FLSA COLLECTIVE
AND RULE 23 CLASSES

*s/ Tracy Stott Pyles*
Tracy Stott Pyles, OH Bar. No. 0074241
Littler Mendelson, P.C.
21 East State Street, Suite 1600
Columbus, OH 43215
Telephone: 614.463.4201
Facsimile: 614.221.3301
tpyles@littler.com

Andrew J. Voss, MN Bar No. 0241556*
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612.630.1000
Facsimile: 612.630.9626
avoss@littler.com

Michelle B. Heverly, CA Bar No. 178660*
Karin Cogbill, CA Bar No. 244606*
LITTLER MENDELSON, P.C.
50 West San Fernando Street
15th Floor
San Jose, CA 95513
mheverly@littler.com
kcogbill@littler.com

ATTORNEYS FOR DEFENDANTS

*Admitted pro hac vice

8

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES WOLFRAM, on behalf of himself and all other similarly situated employees nationwide, and on behalf of the Ohio Rule 23 Class, | : | Case No. 1:12CV599 |
| Plaintiff, | : | |
| v. | : | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| PHH Corporation, PHH Mortgage Corporation, and PHH Home Loans, LLC, | : | |
| Defendant. | : | |

I, ______________________________, hereby acknowledge that I have read and understand the Protective Order ("Order") in the above-captioned civil action, and that I am barred by the terms of the Order from divulging any "CONFIDENTIAL" (as that term is defined in the Order) document, testimony, information or material (hereinafter "Confidential material") that I am provided, or the content thereof, to any other person or entity except as specifically provided for in the Order. I agree to the following additional limitations regarding the use and disclosure of the confidential material that I am being provided:

1. The confidential material provided to me shall be used by me solely in connection with the proceedings in the above-captioned civil action and for no other purpose;

I will not disclose or divulge any of the confidential material provided to me, or the content thereof, to any other person not identified in or subject to the Order; and

Upon request, I will immediately return any confidential material that is provided to me, and all copies thereof, to the attorney who provided the material to me.

I understand and acknowledge that violation of any of the provisions of this Agreement to be Bound by Protective Order may subject me to liability or sanctions, including, without limitation, personal liability for any damages associated therewith.

Dated this ___ day of _____, 20__.

<div style="text-align:right">
_____<br>
Printed Name
</div>

<div style="text-align:right">
_____<br>
Signature
</div>

Firmwide:123294544.1 049508.1010